IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 17-30961 |
| TIMOTHY MCCALLAN, Debtor ) | |
| ) | |
| CARLY B. WILKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding 18-03084 |
| ) | |
| JEANNE MCCALLAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| SCOTT D. WIDERMAN ) | |
| ) | |
| Appellant, ) | |
| v. ) | CASE NO. 2:21CV746-ECM |
| ) | |
| CARLY B. WILKNS, ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This appeal is from a sanctions order entered by the United States Bankruptcy Court for the Middle District of Alabama (the "bankruptcy court") on October 25, 2021.

Based on the record and applicable law, and for the reasons discussed below, the decision of the bankruptcy court is due to be reversed and the order of sanctions vacated.

**II. JURISDICTION**

This Court has appellate jurisdiction over this bankruptcy appeal pursuant to 28 U.S.C. §158.

## III.   STANDARD OF REVIEW

In an appeal of a bankruptcy court decision, the district court sits as an appellate court. *Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir. 2000).  The Court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and conclusions of law under the *de novo* standard of review. *In re Piazza*, 719 F.3d 1253, 1260 (11th Cir. 2013).  A decision to impose sanctions under the court's inherent authority is reviewed for abuse of discretion. *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006).  An abuse of discretion exists when a court applies the wrong legal standard, makes clearly erroneous findings of fact, or bases its decision on a clear error in judgment. *In re Porto*, 645 F.3d 1294, 1303 (11th Cir. 2011).

## IV.   FACTUAL AND PROCEDURAL HISTORY

This adversary proceeding was brought by Trustee Carly Wilkins against Jeanne McCallan ("McCallan"), and was resolved in favor of the Plaintiff on March 1, 2022. Judgment was entered against McCallan in the amount of $5,607,679.06.  Before the resolution of the case, McCallan was represented by three attorneys:  Orin Odom ("Odom"), Scott Widerman ("Widerman"), and Michael Fritz ("Fritz").

On July 15, 2021, Fritz sent an email to over 100 individuals, but not to the Court, setting out Fritz's motive for committing suicide.  The July 15, 2021 email (hereinafter "Fritz email") contained insulting and obscene language and blamed the motive for suicide in part on bankruptcy judges, including the judge presiding in this adversary proceeding, Judge Sawyer.  McCallan's husband's bankruptcy case was also referenced in the email. Fritz did not commit suicide, but no longer represents McCallan in this case.  McCallan

continues to be represented by Odom and Widerman.

On August 31, 2021, Odom filed a Motion to Recuse Judge Sawyer from the adversary proceeding, citing the Fritz email, but not attaching it to the motion. On September 20, 2021, Widerman filed an unredacted copy of the Fritz email as an exhibit to the motion seeking recusal.

The bankruptcy court ordered the Fritz email exhibit sealed. On September 22, 2021, the bankruptcy court held a hearing on the motion to recuse, and ultimately denied that motion. That denial was appealed, but the appeal was voluntarily dismissed on November 18, 2021. (Adv. Proc. No. 18-03084 Doc. 175). On September 27, 2021, the court issued a show cause order to Widerman related to the filing of the Fritz email as an attachment.

The bankruptcy court held a hearing on the show cause order and on October 25, 2021, the bankruptcy court issued an order fining Widerman $5,000, payable within fourteen days; revoking Widerman's *pro hac vice* admission effective fourteen days from the date of the order; and, in the accompanying opinion, indicating that the court would transmit a copy of its decision to the Florida Bar with a request that it impose discipline. (Doc. 1-3). The bankruptcy court found that Widerman's conduct was sanctionable because it violated ALA. R. OF PRO. RESP. 3.5 & 8.4 and FED. R. BANKR. P. 9011 and because it constituted contempt of court. In the order imposing sanctions, the court also found that Widerman acted in bad faith based on conduct during the September 22, 2021

hearing on the Motion to Recuse, including Widerman's argument that the court's act of sealing the Fritz email was evidence of bias and Widerman's reading of an excerpt from the Fritz email wherein Fritz said that Judge Sawyer put McCallan's husband in jail out of spite and believed the "biggest liar in the world," the Plaintiff's attorney. (Doc. 1-3 at 4&7). The bankruptcy court concluded that because there is no legal support for the proposition that a lawyer may insult a judge and his colleague in obscene terms and then insist on recusal, the motion to recuse was frivolous, and the attachment of the email was necessarily intended to insult, injure, and provoke. (*Id.* at 12).

Widerman has appealed the imposition of sanctions.

## V.   STATEMENT OF THE ISSUES

Widerman states the issues for review on appeal as follows:

1. Whether the trial judge abused his discretion by sanctioning co-counsel Widerman for filing the only evidence as to the Motion for Recusal which contained no debtor information (including social security numbers), was not authored by co-counsel Widerman, and where author of the exhibit to the motion (email) granted permission for filing.
2. Whether filing an unredacted letter is sanctionable as the only evidence to the Motion for Recusal.
3. Whether the trial judge abused his discretion, leading to bias.

(Doc. 2-1).

## VI.   DISCUSSION

Bankruptcy courts may impose sanctions under the *Federal Rules of Bankruptcy Procedure* or their own inherent authority. *In re Evergreen Sec., Ltd.,* 570 F.3d 1257, 1268

(11th Cir. 2009). Under the rules, bankruptcy courts may take any action to enforce or implement court orders or rules. 11 U.S.C. §105(a).

While there are rules regarding privacy concerns which require redaction of personal information, such as FED. R. BANKR. P. 9037, there is no bankruptcy rule, rule of professionalism, or court order which explicitly required the redaction of the Fritz email or required it to be filed under seal. Upon review of the general rules cited by the bankruptcy court to support the legal conclusion that Widerman's actions violated rules or constituted a contempt of court, this Court concludes that the general rules also did not mandate that the Fritz email only be used as support for the motion to recuse in a redacted form or under seal.

The bankruptcy court not only relied on violations of rules in imposing sanctions, but also grounded the imposed sanctions in its inherent authority. A court's inherent authority to sanction "is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) (internal citations omitted). A court may impose sanctions under its inherent authority upon a finding of bad faith. *In re Evergreen Sec., Ltd.*, 570 F.3d at 1273. Bad faith exists where an attorney recklessly raises a frivolous argument, raises a meritorious claim for the purpose of harassing an opponent, delays or disrupts the litigation, or pursues a claim without a reasonable inquiry into the underlying facts. *Id.* "While bad faith is the key to unlocking the court's inherent power, a court must

do more than conclude that a party acted in bad faith; it should make specific findings as to the party's conduct that warrants sanctions." *In re Porto*, 645 F.3d at 1304.

In this case, the bankruptcy court pointed to the following as evidence of bad faith: Widerman's reference at the hearing on the recusal motion to the court's sealing of the Fritz email as evidence of bias and Widerman's repeating of the portion of the Fritz email wherein Fritz called the Plaintiff's attorney a liar.  The bad faith factual finding stemmed from the bankruptcy court's determination as a matter of law that the motion to recuse was frivolous because an attorney cannot seek recusal based on alleged bias the attorney created by insulting the judge. (Doc. 1-3 at 12).

A general rule has been recognized that it would undermine the judiciary if "all disruptive, recalcitrant and disagreeable commentary" about a judge disqualified a judge from sitting in a case. *In re Evergreen, Sec., Ltd.*, 570 F.3d at 1279.  It is also true, however, that in "certain circumstances 'there are criticisms of judicial conduct which are so personal and so probably productive of bias that the judge must disqualify himself to avoid being the judge in his own case.'" *Id.* (quoting *Ungar v. Sarafite*, 376 U.S. 575, 583 (1964)).

In this case, obscene and offensive language was used which went beyond disruptive, recalcitrant, or disagreeable conduct and attempted to place responsibility for a threatened suicide.  The instant case also is not one in which an attorney insulted the judge and then sought recusal on that basis, but is instead one in which the insult was by one

6

attorney and the request for recusal came from another. The general rule that an attorney's insult is an insufficient basis for recusal, therefore, does not apply here. Accordingly, even though the motion to recuse ultimately was not successful, this Court cannot agree that it was legally unsupported and therefore frivolous. Furthermore, Widerman's filing of the Fritz email as evidentiary support for the motion to recuse fulfilled the responsibility to inquire into the facts of alleged bias and not raise groundless arguments. *Id.* at 1274.

Significantly, the conduct sanctioned in this case was not the making of objectionable statements in the Fritz email or even the filing of the Fritz email as an attachment to the motion to recuse, but rather the filing of the email without redaction or without asking that it be placed under seal. To be clear, Widerman could have used a method of filing the evidence that would not have placed offensive and insulting language in the public record, but, where no rule specifically required that, and under the circumstances presented here, this Court finds that it was an abuse of discretion to impose sanctions for his failure to do so.

### VII.  CONCLUSION

For the reasons discussed above, the decision of the bankruptcy court to impose sanctions is REVERSED and the October 25, 2021 order fining Widerman $5,000; revoking Widerman's pro hac vice admission; and transmitting a copy of the decision to the Florida Bar with a request that it impose discipline is VACATED.

7

Done this 15th day of March, 2022.

                              /s/ Emily C. Marks  
                              EMILY C. MARKS  
                              CHIEF UNITED STATES DISTRICT JUDGE